UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

---

**J & J SPORTS PRODUCTIONS, INC.,** as Broadcast Licensee of the **May 1, 2010, Mayweather/Mosley** Broadcast,

              Plaintiff,

-vs.-

EVER SAMUEL GUEVARA, Individually, and as officer, director, shareholder, and/or principal of GUEVARA ALFARO, INC., d/b/a EL SALVADOR RESTAURANT,

and

GUEVARA ALFARO, INC., d/b/a EL SALVADOR RESTAURANT,

              Defendants.

---

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

Civil Action No. 3:10-CV-00638-GCM

The Summons and Complaint in this action have been duly served upon the Defendants, EVER SAMUEL GUEVARA, Individually, and as officer, director, shareholder, and/or principal of GUEVARA ALFARO, INC., d/b/a EL SALVADOR RESTAURANT, and GUEVARA ALFARO, INC., d/b/a EL SALVADOR RESTAURANT, on December 31, 2010, and the Defendants have failed to plead or otherwise appear in this action. The Clerk entered a default against the Defendants on March 8, 2011. [D.I. 10].

The Plaintiff filed a Motion for Default Judgment on March 29, 2011. [D.I. 11]. In their motion, the Plaintiff requests damages pursuant to 47 U.S.C. § 605. The Court recognizes that there is a split of authority as to whether 47 U.S.C. § 605 or 47 U.S.C. § 553 (or both) apply to those who illegally intercept cable transmissions. The Court has reviewed the case law and finds those cases

1

holding out 47 U.S.C. § 553 as the appropriate statutory authority more compelling.  See, e.g., TKR Cable Co. V. Cable City Corp., 267 F.3d 196 (3d Cir. 2001); United States v. Norris, 88 F.3d 462 (7th Cir. 1996); Columbia Cable TV Co., Inc. V. McCary, 954 F.Supp. 124 (D.S.C. 1996).  The Court has assessed damages accordingly.

It is hereby **ORDERED AND ADJUDGED** that J&J Sports Productions, Inc., the Plaintiff, does recover of **EVER SAMUEL GUEVARA, Individually, and as officer, director, shareholder, and/or principal of GUEVARA ALFARO, INC., d/b/a EL SALVADOR RESTAURANT and** of **GUEVARA ALFARO, INC., d/b/a EL SALVADOR RESTAURANT**, **a total award of Eighteen Thousand Seven Hundred Thirty One Dollars and Fifty Cents ($18,731.50), for which the Defendants are jointly and severally liable,** consisting of:

1) TEN THOUSAND DOLLARS ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii); and

2) SIX THOUSAND FIVE HUNDRED DOLLARS ($6,500.00) pursuant to 47 U.S.C. § 553(c)(3)(B), for Defendant's willful violation of 47 U.S.C. § 553; and

3) Costs and attorney fees of TWO THOUSAND TWO HUNDRED THIRTY ONE DOLLARS and 50/100 ($2,231.50) pursuant to 47 U.S.C. § 553(c)(2)(C);

and it is further,

**ORDERED AND ADJUDGED** that pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in this Default Judgment as the interest of justice require the issuance of judgment as requested without further delay.

Signed: April 8, 2011

*Graham C. Mullen*
Graham C. Mullen
United States District Judge